IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MARK A GONZALEZ, DORINE | § | CASE NO: 04-21765 |
| GONZALEZ | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |

**MEMORANDUM OPINION AND ORDER ON DEBTORS' OBJECTION TO CLAIM OF JFK HOME MOVING**

On this day came on for consideration the Debtor's Objection to Claim of JFK Home Moving, filed by the Debtors, Mark A. and Dorine Gonzalez (the "Debtors"). Debtors object to the secured proof of claim filed by William Bell, d/b/a JFK Home Moving ("Bell" or "JFK"). The Court, having heard the evidence and arguments of counsel and of Bell, *pro se*, finds as follows.

On March 12, 2002, Debtors and Augustin Gonzales (Mark Gonzalez's father, hereafter referred to as "Augustin") singed a contract with JFK (the "Contract"). The Contract provided that JFK would move a home onto property located in Driscoll, Texas and owned by Augustin. Debtors and Augustin agreed to pay JFK $16,700 for the home. The payment schedule provided for payment of $3,000 down and $350 per month with an interest rate of 10%, no closing costs, and a late fee of $25.

JFK moved the home onto the property of Augustin. Debtors allegedly promised to obtain title to the real property onto which the home was moved, but there is no evidence that they did so. JFK did not obtain a security agreement, deed of trust, or any type of security arrangement from Debtors. JFK did not record any security interest or mortgage on the home or on the real property upon which it rests.

Debtors are delinquent on their payments to JFK under the Contract. Debtors filed their chapter 13 bankruptcy on December 30, 2004. JFK's debt was listed as unsecured. JFK filed a secured proof of claim. Debtors do not object to the amount of JFK's proof of claim but they object to the claim by JFK that the debt is secured.

The court finds that as to the Debtors, JFK holds an unsecured claim in the amount filed. The real property on which the home was placed is not property of the Debtors' bankruptcy estate because it is owned by Augustin, not the Debtors. JFK did not obtain a security agreement from the Debtors nor did JFK record or perfect its claimed security agreement. Between JFK and the Debtors, any equitable lien on the home is secondary to the Debtors' position as hypothetical lien creditor. 11 U.S.C. §544. No evidence was presented to prove that the Contract is a contract for deed. No evidence was presented to prove that the Debtors own the home. The court finds that neither the home nor the real property are property of the Debtor's bankruptcy estate and, accordingly, JFK holds an unsecured claim against the Debtors.

The court's ruling herein does not affect JFK's rights against Augustin nor JFK's right to claim an equitable lien on the home or the real property upon which it sits as those claims apply to Augustin.

It is therefore ORDERED that the Debtors' Objection to Claim is hereby SUSTAINED and the claim of William Bell, d/b/a JFK Home Moving is hereby disallowed as a secured claim but is hereby allowed as an unsecured claim in the amount filed.

SIGNED 03/28/2006.

*[signature]*

RICHARD S SCHMIDT
United States Bankruptcy Judge